Walter S. Reynolds, as Clerk of the Superior Court, &c.
vs.
George W. Hamilton, et al.

No. 86037.

July 11, 1932.

SUMNER, J. The plaintiff brought suit against defendants on a bond given by George W. Hamilton as principal and The Aetna Casualty & Surety Company as surety.

The plaintiff alleges that said George W. Hamilton was appointed Receiver of the Electrical Products Manufacturing Company and, in accordance with the order of the Court, gave bond in the sum of $40,000 for the faithful performance of his duties; that thereafterwards said Hamilton, as Receiver, entered into an agreement with Newspaper Mechanical Sales Company, and that said Sales Company advanced the sum of $4,500 to said Hamilton; that said Hamilton represented to the Sales Company that he was authorized by the Superior Court to enter into this contract as Receiver, when, in fact, he was not so authorized; that said Hamilton so used the sum of $4,500 advanced by the Sales Company that it is lost, and the Sales Company seeks damages from the Receiver upon account of this misapplication of said sum of money.

The defendants demurred to the declaration on several grounds but the hearing before the Court was on only those grounds that had to do with the jurisdiction, and as to the other grounds the Court does not decide.

The defendants claim that the Court had no jurisdiction (a) because the plaintiff had not obtained leave of the Court to institute this suit, and (b) because it appeared that the contract alleged to have been made by the Receiver was not within the scope of his authority.

High on Receivers says, on page 145:

"It is held that the receiver and his sureties are not liable to an action on the bond until he has failed to obey some order of the Court touching the effects placed in his hands. * * * The receiver and his sureties cannot, therefore, be sued upon the bond until the Court has adjudicated the question and made some order touching the rights of the parties to the property in his hands."

See cases cited.

Cyc. Vol. 34, page 506, says:

"Such a contract (meaning a bond given by a trustee or receiver) necessarily has relation only to the duties falling within the scope of the order of the appointment."

> Leathers vs. Kelling, 12 Ky. L. Rep. 92;
>
> Weems vs. Lathrop, 42 Tex. 207.

The plaintiff has cited, in support of the contention of jurisdiction, a case in 150 Fed. Rep. page 830. There a receiver in buying goods from certain merchants had incurred debts in excess of the sum fixed in the decree appointing him, and the Court says:

"These merchants may bring actions on the bonds to redress their wrongs."

This was a case in the U. S. District Court in Georgia, decided in 1906, apparently without argument or discussion, and apparently has not been followed, although another U. S. District Court, in 224 Fed. page 297, says:

"It is possible that appellees could have brought independent suits against the receiver and the surety upon his bond."

The Court feels that the weight of authority is against plaintiff's contention.

The Court is of the opinion that the plaintiff, in any event, should have obtained permission from the Court to institute this suit and is in serious doubt as to whether the Receiver acted within the scope of his authority in making this contract.

The demurrer is sustained on the ground of lack of jurisdiction.

For plaintiff: F. J. O'Brien, James J. Corrigan & William E. Boyle.

For defendants: Hinckley, Allen, Tillinghast, Phillips & Wheeler.